IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY,

.AT JUNE TERM, 1871.

---

### JOHN C. SMITH v. SOLDIERS' BUSINESS MESSENGER AND DISPATCH COMPANY.

A creditor, by proving his claim in a bankrupt proceeding, does not thereby, by force of the twenty-first section of the act of the United States relating to bankruptcy, destroy his right of action; the effect of such act being to merely suspend such right of action during the pendency of the proceedings. Under such circumstances, the proper course is to apply to the court where the action is pending to stay the proceedings.

---

Demurrer to a plea.

The substantial matters contained in this plea were, that the defendant had been declared a bankrupt in the United States District Court for the Southern District of New York, and that the plaintiff proved under said proceedings the debt, to recover which this action was brought.

Argued at February Term, 1871.

For plaintiff, *Charles F. Hill.*

For defendant, *James F. Rusling.*

60

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    By the twenty-first section of the act to establish a uniform system of bankruptcy throughout the United States, it is enacted in these words.: " That no creditor proving his debt or claim, shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt, and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby." The plea in this case is framed in view of this provision, and its propriety depends upon the question whether the clause is to be understood as having the effect to destroy, and not merely to suspend, the causes of action of those creditors who come in under the proceedings in bankruptcy and prove their claims. On the part of the defendant, it is argued that by the plain terms of the clause just cited, a creditor, proving his debt, is debarred forever from suing the bankrupt on such debt, and that this incapacity results from the act of making such proof without regard to any ulterior proceeding in the bankrupt court, and without reference to the circumstance whether or not the bankrupt obtains a discharge.   On the other side the position is, that proof of the claim merely suspends the creditors' right of action, and that such suspension cannot be pleaded in bar of a suit.

It must be confessed that the legislative meaning is but obscurely expressed in the clause in question ; and it is by no means surprising that different views should be entertained with respect to its proper interpretation.    But after a careful consideration of the general scope of the act, and a collation of its several parts, I have reached the conclusion that the purpose of the clause in question was to suspend, and not permanently to destroy, the creditor's right of action.    The opposite view is inconsistent with other provisions of this law. It seems impossible to reconcile it with the proviso in section thirty-four.   This section defines the effect of the bankrupt's discharge, and makes it effectual against all debts

provable under the act, and the proviso is in these words, viz.: " That any creditor or creditors of said bankrupt, whose *debt was proved or provable* against the estate in bankruptcy, who shall see fit to contest the validity of said discharge, on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to set aside and annul the same." Here is a power given to the creditor who has proved his claim to contest the discharge of the bankrupt, but such power is altogether illusory, on the hypothesis that by the proof of his debt such creditor has surrendered, in every event, all right of action. Why confer upon a creditor the empty privilege of contesting the discharge of the bankrupt when the existence of such discharge cannot affect his rights, and cannot be a matter of any interest to him? I think this proviso very clearly indicates that the proof of the debt by the creditor does not extinguish, but simply suspends, his right of action.

· And I think all rational inferences are opposed to giving a greater effect to the proof of the debt than this. Under many circumstances, to discharge the right to sue upon the coming in of the creditor, would be impolitic and unjust. By the express provisions of the act, it is declared that the bankrupt shall not be entitled to his discharge if he has committed certain frauds prior to his becoming a bankrupt, or if he shall be guilty of certain misconduct during the course of the proceedings. Now it certainly seems incredible that it was the legislative intent to permit these frauds to be committed with entire impunity on creditors who prove their claims, and yet such is obviously the case, if, on proving his debt, the creditor loses his right to sue. At the time of making such proof, the creditor may be in ignorance of the existence of the fraud, or during the progress of the proceedings, the bankrupt, by secret transfers of his property, may dissipate the fund, so as to leave nothing for distribution. And yet the creditor who has made himself a party to the proceeding is to be told that by such course he has absolutely elected to

take, in satisfaction of his debt, the quota of the bankrupt's estate that may be assigned to him by the bankrupt court. This cannot have been the intention of those who framed and created this law. That clause must be read in the light of the other provisions of the act. Its true construction is, that by proving his claim, the creditor's right of suit is suspended.

This, I observe, was the interpretation given to a similar provision in the bankrupt law of 1841. The clause in that statute on this subject was in phraseology almost identical with the one now under consideration, and in *Haxton* v. *Corse*, 2 *Barb. C. R.* 530, it was held that proof of the debt did not discharge, definitively, the cause of action. Chancellor Walworth's conclusion is expressed in these words, viz.: "I conclude, therefore, notwithstanding the general language contained in the fifth section of the act, that the creditors who come in and prove their debts shall not be allowed to maintain any suit at law or in equity therefor. The law-makers did not intend that the proving of debts, by creditors, should be an absolute abandonment of all claim against the future acquisitions of their debtor, if his discharge was refused, or if it was void for any of the frauds specified in the act, but merely that the proving of debts, under the decree, should be a waiver of the right of creditors to institute any suits or proceedings at law or in equity, which were in any way inconsistent with the election of such creditors to obtain satisfaction of their debts out of the property of the bankrupt under the decree."

The result is, that, as the right of action is not destroyed, but only suspended, by the act of the creditor in proving his debt, such circumstance cannot be pleaded in bar. The proper course for the bankrupt appears to be, to apply to the court in which the action is pending to stay it until the proceeding in the bankrupt court has run its course. This was the measure indicated as proper in the case of *Harley* v. *Greenwood*, 5 *Barn. & Ald.* 95.

The demurrer is sustained.